No. 697

MAXWELL MOTOR CORPORATION v. WINTER

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 760. Decided May 21, 1927.

458. EMPLOYER'S LIABILITY—1. Original action may be maintained by injured employee for disability arising out of occupational disease, where action is based upon alleged violation of a safety statute or regulation.

2. Defense that application for compensation was made before employee had been resident of state for ninety days, must depend upon whether application was knowingly and voluntarily made.

3. Defense that application for compensation and receipt of check constitutes election, on part of employee for award under Workmen's Compensation Law must depend upon whether said application was made and said payments were received voluntarily and knowingly.

Error to Common Pleas.
Judgment affirmed.

ALLREAD, J.

Winter brought suit against the Maxwell Motor Corporation for damages arising out of the contracting of an occupational disease known as lead poisoning. The petition alleges that the Motor Corporation failed and refused to comply with certain provisions of the statute designed for the safety of employees. The particular complaint was that they failed to furnish appliances for protection against lead poisoning which frequently arises in that particular occupation.

The second defense was that the defendant below fully complied with the Workmen's Compensation Act; third that plaintiff below made application for and received an award for disability and injuries complained of and was therefore barred from prosecuting the present action. Fourth that plaintiff had not, at the time he filed said application, been a resident of the state for ninety days and fifth

the occupational disease set forth was an assumed risk arising from said employment.

The case went to trial and the jury returned a verdict for $5,000 for the plaintiff.

The first and most important question is whether an original action can be maintained by an injured employee against his employer for a disability arising out of an occupational disease, where the action is based upon an alleged violation of a safety statute or regulation.

This claim is based upon the Act of April 20, 1921, (109 O. L. 181). This act was amendatory to the Workmen's Compensation Law and was intended to provide for compensation for occupational diseases. Lead poisoning was expressly named as one of the occupational diseases to be provided for. Sec. 1465-68b of the Act of 1921 provided that employees as well as employers mentioned in the preceding section of said Act were entitled to all the rights as well as the liabilities provided for in the Workmen's Compensation Act in Sections 1465-44 to and including Sections 1465-108 of the General Code (excepting therefrom Sections 1465-90) and that such sections should apply to cases of occupational diseases. This statute makes it clear that the Legislature intended to so extend the relief provided for in Section 1465-76 GC. to include cases based upon occupational diseases.

Counsel for plaintiff in error especially rely upon the third and fourth defenses. These defenses relate to the application of plaintiff below for compensation and to the receipt of certain checks purporting to provide for partial allowances. The amended reply sets out in substance that the plaintiff was suffering both physically and mentally from the disease and was not able to and did not in fact understand the nature of the papers he had signed, or that the money received was intended as compensation for the disability arising out of the occupational disease. There was some evidence tending to support the averments of the amended reply, and this issue was properly submitted to the jury.

Counsel for plaintiff in error insists upon the ninety day limitation as to residence as a complete bar. The present action, standing alone, would not fall within the limitation prescribed by statute as the plaintiff had, for more than 90 days, been a resident of the State at the time this action was brought and in order to avail the defendant of the 90 day limitation it was necessary for it to rely upon the application of the plaintiff for compensation which was within that period. The question whether the plaintiff made this application knowingly and voluntarily became a question of evidence under the amended reply and depends upon the validity of the verdict of the jury upon the issues presented by said reply. So also the question as to whether the filing of the application and the receipt of the checks constituted an election on the part of the plaintiff for the award under the Workmen's Compensation Law against the defendant as a self-insurer, depended upon the issues raised by the amended reply as to whether the application was made and said payments were received voluntarily and knowingly, that the

same were based upon a voluntary application, and the receipt of compensation thereunder. Considering the entire case, we are of the opinion that there is no prejudicial or reversible error and that the judgment of the Court of Common Pleas should be affirmed.

(Ferneding and Kunkle, JJ., concur.)

Attorneys—James & Coolidge for Motor Co.; Mattern, Brumbaugh & Mattern for Winter; all of Dayton.